[666 NYS2d 723]

In the Matter of JEFF BERNSTEIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 22, 1997

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Gentile & Benjamin,* New York City *(Howard Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition contains 10 charges of professional misconduct against the respondent. After a hearing, the Special Referee sustained all 10 charges. The Grievance Committee now moves to confirm the Special Referee's report. In response to the Grievance Committee's motion, the respondent submits that, although his misconduct adversely reflects upon his fitness to practice law, it does not rise to the level suggested by Grievance Counsel with respect to a final sanction. The respondent requests that any further discipline be limited to a suspension of one year, retroactive to March 12, 1997, the date of his interim suspension.

As set forth in the petition, the respondent was on the Family Court Panel of the Assigned Counsel Plan for the Appellate Division, First Department, between approximately 1980 and March 4, 1996. As an attorney on the panel, the respondent was assigned to represent indigent clients in the Bronx County Family Court.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about October 1992, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During meetings with that client, in conference rooms at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Two alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about May 1993, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During meetings with that client, in conference rooms at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Three alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about March 1993, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During a meeting with that client, in a conference room at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Four alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about June 1994, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During meetings with that client, in conference rooms at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about October 1993, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During meetings with that client, in conference rooms at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Six alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about April 1994, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During a meeting with that client, in a conference room at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Seven alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about September 1992, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During a meeting with that client, in a conference room at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Eight alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The respondent was assigned to represent a client in six Family Court matters in the Bronx. During meetings with that client, in conference rooms at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Nine alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about August 1994, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During a meeting with that client, in a conference room at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

Charge Ten alleged that respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In or about December 1993, the respondent was assigned to represent a client in a Family Court matter in the Bronx. During meetings with that client, in conference rooms at the Bronx County Family Court, the respondent addressed sexually suggestive remarks to her, requesting that she touch his penis.

There being no facts in dispute, the Special Referee properly sustained all 10 charges of the petition, and the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances offered by the respondent, including the variety of charitable activities with which he has been involved, his cooperation with the Grievance Committee's investigation, and his expressed remorse.

However, the respondent has engaged in a pattern of misconduct as opposed to an isolated act.

Moreover, in two unrelated matters, the respondent was issued an admonition dated February 16, 1988, for submitting an affirmation of services in a Family Court paternity proceeding requesting that the complainant pay him $13,500 for which he had previously billed the Assigned Counsel Plan, and for retaining a clearly excessive fee in a criminal action in light of the limited services rendered prior to the defendant's demise.

In light of his established pattern of violating his sworn duty to indigent clients whose rights he was assigned to safeguard, the respondent is guilty of multiple acts of professional misconduct which warrant his disbarment.

MANGANO, P. J., BRACKEN, ROSENBLATT, RITTER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeff Bernstein, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeff Bernstein is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.